IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 12-cv-01389-PAB-MJW

CYRENA MARIE DRUSE,

    Plaintiff,

v.

AMERICAN NATIONAL PROPERTY AND CASUALTY COMPANIES,

    Defendant;

---

**PROTECTIVE ORDER** (Docket No 23-1)

---

WHEREAS, the Court finds good cause for entry of an order to protect the discovery and dissemination of confidential information and information that would annoy, embarrass, or oppress parties, witnesses, and persons providing discovery in this civil action,

IT IS ACCORDINGLY ORDERED THAT:

1.    This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

**Exhibit A**

2. As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within meaning of this term.

3. Information designated as "CONFIDENTIAL" shall be information that is confidential and implicates: (a) the proprietary, confidential, competitively sensitive and/or trade secret information of American National Property and Casualty Company and/or its related entities; or (b) any individual's common law or statutory privacy interests.

4. No party shall designate any document "CONFIDENTIAL" that has been admitted into evidence at any trial or hearing, unless the Court; (a) sealed public access to the document and/or closed the hearing/trial to the public; or (b) any motion to do so is pending.

5. Documents, materials, and/or information designated "CONFIDENTIAL" (collectively "CONFIDENTIAL information") shall not be disclosed or used for any purpose except the preparation and trial of this case.

6. CONFIDENTIAL information shall not, without the consent of the party producing it or further Order of the Court, be disclosed *except that* such information may be disclosed to:

(a) attorneys actively working on this case;

2

(b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

(c) the parties, including designated representatives for Defendant;

(d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial, or other proceedings in this case;

(e) the Court and its employees ("Court Personnel");

(f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(g) deponents or witnesses during the course of any examination; and (h) other persons by written agreement of the parties.

7. Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgement stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgements shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

8. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

9. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel within thirty-five (35) days after notice by the court reporter of the completion of the transcript.

10. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion consistent with D.C.COLO.LCIVR 7.2 requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as

CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

11. At the conclusion of this case, unless other arrangements are agreed upon mutually by the parties, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL, or the parties may elect to destroy CONFIDENTIAL documents. Where the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit confirming the destruction.

12. This Protective Order also governs the use of videotaped depositions obtained during this litigation. The parties and their counsel to this case are prohibited from publicly disseminating any deposition videotape obtained by any party during this case or otherwise use such videotape deposition or depositions for any purpose outside of this litigation except by further Order of Court.

13. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

Dated: November 9, 2012

BY THE COURT:

_____
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

DATED this 9th day of November, 2012.